**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK KARL JOST, | No. 07-16032 |
| Plaintiff - Appellant, | D.C. No. CV-05-01360-AWI |
| v. | |
| U.S. POSTAL SERVICE and U.S. POSTMASTER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted January 10, 2011[**]

Before: BEEZER, TALLMAN and CALLAHAN, Circuit Judges.

Frederick Karl Jost, a California state prisoner, appeals pro se from the

district court's judgment dismissing his complaint under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) alleging that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the United States Postal Service lost the contents of a package that Jost had mailed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) and for an abuse of discretion its denial of leave to amend, *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1310 (9th Cir. 1982). We affirm.

The district court properly dismissed Jost's action because the deprivation Jost alleges — the loss of his mail — does not rise to a constitutional violation. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (*Bivens* action is federal analog to civil rights suit against state officials).

The district court properly dismissed any claim under the Federal Tort Claims Act because Jost failed to exhaust his administrative remedies before filing this action. *See* 28 U.S.C. §§ 2401(b), 2675(a); 39 C.F.R. § 912.5.

The district court acted within its discretion by dismissing Jost's complaint without leave to amend. *See Balser v. Dep't of Justice, Off. of U.S. Trustee*, 327 F.3d 903, 911 (9th Cir. 2003) (affirming denial of leave to amend complaint, despite liberality generally afforded pro se litigants, because opening brief on appeal set forth no legal basis for reversal).

Jost's remaining contentions are unpersuasive.

**AFFIRMED.**